LITTLETON H. DUKES for use of CHARLES M. DUKES *v.* SARGENT COLLINS and ALBERT COLLINS, lately trading as SARGENT COLLINS & BRO.

*Statute of Limitations—Absent Debtor's Return into State-Plaintiff's Diligence.*

The plea of the statute of limitations is a bar to the action, upon proof of the elapsed time, unless the plaintiff replies specially that before the cause of action accrued, or that after the cause of action accrued, and within three years thereafter, the defendant left the State and never afterwards, up till the time of bringing the suit, returned into the State so that by reasonable diligence he could be served with process.

Reasonable diligence in the case of a debtor absent from the State, requires a plaintiff, at least, to take some steps from time to time to ascertain whether his debtor can be reached with process. Where a debtor, or one of them, if there be more than one, resides in the State at the time the cause of action accrues, and afterwards removes therefrom, the plaintiff need not keep a suit pending against him. But where he, or one of them, if there be more than one, has afterwards come into the State in such manner that, by reasonable diligence, he may be served with process, the act commences to run again from the time of such return and never stops afterwards.

(*Kent, April, 1884.*)

FOREIGN ATTACHMENT.

Defendants appeared and dissolved attachment by giving bail. Plaintiffs testified that Littleton H. Dukes lived at Dagsboro, Sussex County, in 1867–1868. The defendants were then running a saw mill there and boarded with Dukes for nine months at $10.00 per month each. The son of Dukes worked for defendants one month at 75 cents per day, for which he was paid. Defendants

left Sussex County in June, 1868, and went to Pennsylvania. Dukes never knew them to be in Delaware till he saw them at the trial of this case. The goods defendants left in Sussex County were sold by sheriff.

In 1873 they came to Dagsboro to see about paying their debts but left the same day and returned to Pennsylvania.

Defendants moved for non-suit as the claim proved was for board which could not be a partnership debt.

THE COURT granted the motion, but afterwards reconsidered it and allowed the case to go to the jury.

Defendants testified that they boarded with Dukes from April 6, 1867, till July 17, 1867. After this they boarded themselves till they left Sussex County the last of May, 1868. Albert Collins, one of the defendants, went to Frederica and remained two weeks, after which he went to Philadelphia. On Oct. 9, 1878, he moved back to Kent County, in this State, where he lived till the time of trial. Testified that plaintiff's bill for board was more than paid.

Sargent Collins was occasionally in Sussex County till the fall of 1869, when he moved to Philadelphia, but moved to Frederica in this county in Sept., 1871, and lived there till Oct. 25, 1874, when he moved from the State. From Oct. 25, 1867, till 1875, he considered his home to be at his fathers in Frederica.

*J. Alexander Fulton,* for plaintiffs:

When a debtor absconds or leaves at the time a cause of action accrues, or was absent when it did accrue, so that he cannot or could not be served with process, the statute of limitations does not run during his absence from the State; nor, in a case like this, until he has come back and remained three years in the State, in such manner that by reasonable diligence he might be served with process.

And where he has had a home and place of business in one county, or section of the State, coming back either to do business or reside in another country or section, remote from his former home or place of business, is not a coming back in such a manner, that, by reasonable diligence, he might be served with process; and the statute of limitations is no bar to plaintiff's action in such a case.

And where there are two joint debtors, both must come back and remain in such manner that by reasonable diligence both may be served with process, or the statute will not bar the plaintiff's action.

Revised Code, Chap. 123, Sec. 14, page 730 ; *Wells & Sappington v. Shreve's Adm'r.*, 2 Houston, 329 ; *Sherman v. Sutton*, 5 Mason, 143 ; *Commissioners v. Northern R. R.*, 4 Law R. Ch. D., 843 ; *Murphy v. Guitenez*, 17 La. An., 269 ; *Bennet v. Devlin*, 17 B. Mon., 353 ; *Bogert v. Vermilya*, 10 N. Y., 447 ; *Denny v. Smith*, 18 N. Y., 567 ; *Hill v. Bellows*, 15 Vt., 727 ; *Hackett v. Kendall*, 23 Vt., 275 ; *Mayberry v. Bainton*, 2 Har., 24 ; *Geylin v. Villeroi*, 2 Hous., 204.

That as regards any counter-claim or set off the defendants may allege, it cannot be allowed in this action for the reason that the plaintiff has always resided in this State and might have been served with process at any time, so that the replication of the statute is a complete bar to any such counter-claim or set off.

*Hurlock v. Murphy*, 2 Hous. 550.

*James Pennewill* and *James L. Walcott*, for defendants.

COMEGYS, C. J., charging the jury:

There are two questions for the jury, the first of which is, did the defendants, as alleged by them upon oath, settle with the plaintiff in April, 1868, and show him that he was indebted to them, in which exhibit he acquiesced. If you believe their testimony, they are entitled to your verdict. If on the contrary you do not credit it, but give your confidence to that of the plaintiff and believe that, as sworn to by him, there never was any such settlement, and also believe that his claim of indebtedness by them to him is sustained, then the plaintiff is entitled to recover the amount of his claim, unless he has allowed the statute of limitations to bar it.

This claim is quite sixteen years old. It is what is called a simple contract debt; as to which the statute provides that suit shall be brought for recovery thereof within three years from the time the right to sue accrues, or not at all. I speak of the effect of the act. In this case as appears by the plaintiff's testimony, the

board, etc., which is the subject of the claim, was furnished during part of the years 1867 and 1868, the time ending in April of the latter year. The cause of action, or, which is the same thing, the right to sue the defendants, accrued to the plaintiff at that time, there not appearing any agreement for credit, and there being no usage for such, as far as we are aware, in like cases. Regularly, therefore, a suit to recover this claim, was barred by the statute on the first of May, 1871.

The defendants have pleaded the act of limitations, and if issue had been taken upon such plea, the statute would have been a flat bar to this action; but the plaintiff has replied two allegations to the plea; the first of which is in effect that before the cause of action accrued, the defendants left the State and never afterwards, up to the time of bringing the suit, returned into the the State so that by reasonable diligence they could be served with process; the other is, that after the cause accrued, and within three years thereafter, the defendants left the State, and up to the time of bringing this action had not returned, in manner aforesaid. Issue is taken upon these replications, according to the statement upon the record, and upon them the question is — did the plaintiff in this case use reasonable diligence in endeavoring to ascertain whether the defendants had come within the reach of legal process. We say to you that reasonable diligence, in cases of absent debtors, requires that the plaintiff shall, at least, take some steps from time to time to ascertain whether his debtors can be reached by suit or not. Where a cause of action accrues whilst a defendant is a non-resident, the law would not require of the plaintiff the same degree of diligence as in a case where the defendant was a resident when it accrued and went out afterwards, but before the time for bringing suit had expired. In such case it is not unreasonable to require a greater degree of diligence. In the first case, as the plaintiff is not bound to keep a writ running against his debtor, there would be no hardship in requiring that the debtor should appear in the neighborhood of his creditor so that his presence might be known. But the case is very different where the debtor resided in the State whilst the cause of action was accruing, or after it had accrued. In such case, in order that the statute may be complied with, it is necessary that something, at least, like active diligence, should be

done by the creditor to prevent the act from running. He is not, in such case, to fold his arms and await the coming of his debtor in his immediate neighborhood; but should be prepared to show that he has, at least, made, at different intervals or periods, inquiry as to the whereabouts of his debtors. He is not required to keep a suit pending against them; but where they have come into the State openly and notoriously so as to be visible to all that chose to seek after them—resorting to no concealment or other step to prevent their creditor knowing of their presence, and so remained long enough for him, if he had used ordinary means to inform himself of the fact, to find out that they or one of them was present in the State, and also to consult counsel and sue out process which might, by reason of their continued presence, have been served by the sheriff, the act commences to run again from the time of such return and reasonable opportunity for service of process, and never stops afterwards. This suit was brought on the 9th day of February, 1882. If you find that more than three years before that time, these defendants, or either of them, was in this State in such manner of openness, notoriousness before all the people where they were, as that the plaintiff might, if he had been looking after them and his claim as ordinary creditors would, have caused process to have been served upon them, then he was bound to have it issued and served; and not having done so, he is now barred. The defendants in this case went to Sussex from Frederica in this county, and that fact was known. You have testimony before you that they returned to Frederica after they left Sussex, and that they or one of them was there most of the time from 1871 to 1874, being sometimes temporarily absent in Philadelphia. It is also in proof that in 1878, in October, Albert Collins came to reside at Woodside in this county and engaged in business, and that he resided there or at Canterbury Station, two or three miles off, up to the time of the suit and now resides there. Whether this testimony is to be credited by you, and there is nothing to gainsay it, it is for you to say. If you take it to be correct, then to hold that due diligence was used by the plaintiff according to the requirement of the statute, would be virtually to repeal it.

Verdict for the defendants.